UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
OSCAR MIGUEL BAIRES and FRANCISCO
CLAVEL-MENESES, individually and on behalf
of all others similarly situated and as class
representatives,

                Plaintiffs,                **MEMORANDUM AND ORDER**
                                                      14 CV 4953 (DRH) (AKT)

          - against -

THE NEW GREAT NECK CAR WASH, INC.,
MATTHEW SILVERMAN,

                Defendants.
-------------------------------------------------------------X

**APPEARANCES:**

**Attorneys for Plaintiffs**

**LIPMAN & PLESUR, LLP**
500 North Broadway, Suite 105
Jericho, New York 11753-2131
By:    David A. Robins, Esq.
        Robert D. Lipman, Esq.
        Lizabeth Schalet, Esq.

**Attorneys for Defendants**

**MILMAN LABUDA LAW GROUP, P.L.L.C.**
3000 Marcus Ave, Suite 3W3
Lake Success, New York 11042
By:    Robert F. Milman, Esq.
        Jamie Scott Felsen, Esq.

**HURLEY, Senior District Judge:**

        Presently before the Court is plaintiffs' motion, made with the consent of defendants, seeking Court approval of the parties' "Agreement and Release" (the "Settlement Agreement"), which resolves plaintiffs' claims made under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. ("FLSA") and the New York Labor Law ("NYLL"). The Court hereby denies

plaintiffs' motion without prejudice and with the right to renew for the reasons set forth below.

Settlement agreements resolving claims brought pursuant to the FLSA "generally require judicial approval to be effective, because private settlements will not effectuate a valid release." *Diaz v. Scores Holding Co., Inc.*, 2011 WL 6399468, at *2 (S.D.N.Y. July 11, 2011) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 703-04 (1945)).[1] Before a court approves an FLSA settlement, "it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (collecting cases).

Here, the Court is unable to determine whether the settlement is fair and reasonable because the parties have failed to "provide the [C]ourt with enough information to examine the bona fides of the dispute." *Id*. (internal quotation marks and citations omitted). In seeking the Court's approval, "[t]he employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages." *Guareno v. Vincent Perito, Inc.*, 2014 WL 4953746, at *1 (S.D.N.Y. Sept. 26, 2014) (internal quotation marks and citations omitted). In addition, "[i]f the parties dispute the computation of wages owed, they must each provide an estimate of the number of hours worked and the applicable wage." *Id*. Here, although the parties provide that "Plaintiffs claimed that they worked approximately 52 hours per week, while Defendants claimed that they did not work more than 40 hours in a work week" (DE 12), they have not provided sufficient information regarding the time periods during which the plaintiffs were employed and

---

[1] An FLSA claim may be settled without judicial approval, however, if the settlement is supervised by the Secretary of Labor. *See Wolinksy v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

2

the applicable hourly wage such that the Court can determine that the settlement amount is fair and reasonable.

In addition, the Court cannot approve the Settlement Agreement because it contains a confidentiality provision stating that plaintiffs "will keep the terms and amount of this Agreement completely confidential and . . . will not hereafter disclose any information concerning the satisfaction or lack of satisfaction with the settlement, to any person." Moreover, the agreement maintains that even whereas here the settlement has been filed on the public docket, such a filing "shall not in any way affect . . . [p]laintiffs' obligations under this section to maintain confidentiality." In prohibiting the plaintiffs from disclosing the terms of the settlement, the confidentiality provision "is contrary to well-established public policy" and "impedes one of the goals of the FLSA - to ensure that all workers are aware of their rights." *Guareno*, 2014 WL 4953746 at *1 (collecting cases) (denying approval where settlement agreement had been filed on public docket but contained confidentiality provision restricting plaintiff's disclosure of settlement); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d. 1227, 1242 ("By including a confidentiality provision, the employer thwarts the informational objective of the [FLSA] by silencing the employee who has vindicated a disputed FLSA right."). Therefore, the Court cannot approve the Agreement so long as it contains such a provision.

Finally, the Court is unable to assess the reasonableness of the attorneys' fees provided for in the Settlement Agreement. "Where a proposed settlement of FLSA claims includes the payment of attorney's fees, the court must also assess the reasonableness of the fee award." *Wolinsky*, 900 F. Supp. 2d at 336. "To aid a court in determining the reasonableness of the proposed attorney's fees, counsel must submit evidence providing a factual basis for the award."

*Id*.  Here, plaintiffs' counsel has not submitted any such evidence.

Accordingly, the Court hereby denies without prejudice the plaintiffs' motion for approval of the Settlement Agreement.  The parties are directed to submit a revised agreement addressing the deficiencies noted herein within thirty days of the date of this Order, otherwise the case will be referred back to Magistrate Judge Tomlinson for pre-trial proceedings.

**SO ORDERED.**

Dated: Central Islip, New York
      January 7, 2015                                                      /s/
                                                                         Denis R. Hurley
                                                                         Unites States District Judge